---

ROSENBAUM v. BLECHER et al.

(Supreme Court, Appellate Division, First Department.   December 11, 1908.)

1. EMINENT DOMAIN (§ 153*)—CONDEMNATION—RIGHT TO AWARD.

Where plaintiff and A. were partners, and land deeded to them was partnership property, and after A. had bought of plaintiff all her interest in the partnership property, she executing to him a general release, A. conveyed all his interest in the property to defendant, defendant, without any conveyance from plaintiff, is entitled to all of a subsequent award in condemnation proceedings for the land; the rights thereto being the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

if the land had been sold by the firm and the fund in controversy were the proceeds of the sale.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §·407; Dec. Dig. § 153.*]

2. PLEADING (§ 125*)—ANSWERS—DENIAL.

A special defense of an answer need not deny the allegation of the complaint, claiming a half interest in an award for condemnation of land, that plaintiff continued to be a tenant in common with defendant in the land till it was condemned, and by virtue thereof was entitled to half the award; the allegation of right to half the award being a legal conclusion, predicated on the tenancy in common, and the defense conceding the tenancy in common and showing how plaintiff's interest in the land passed to defendant, not in law, but in equity.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 260; Dec. Dig. § 125.*]

Appeal from Special Term, New York County.

Action by Kate Rosenbaum against Max Blecher, impleaded with others. From an interlocutory judgment overruling her demurrer to a separate defense pleaded by defendant Blecher, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

John H. Regan, for appellant.
Augustine & Hopping, for respondents.

LAUGHLIN, J. On the 22d day of March, 1899, certain premises were conveyed to the plaintiff and to one Abram Abelman, and in the month of May thereafter the city of New York duly instituted proceedings to acquire the premises for public purposes. On the 4th day of January, 1900, Abelman and wife conveyed all their right, title, and interest in and to the premises to the defendant Blecher. Thereafter an award of $3,600, representing the entire value of the title acquired by the city, was made to the defendant Blecher. The action is brought to recover one-half of the award, upon the ground that the plaintiff and Abelman were tenants in common of the premises, and by the conveyance to Blecher the plaintiff and Blecher became tenants in common, each entitled to an undivided half interest.

The plaintiff, in addition to alleging that she and Blecher became tenants in common of the premises, alleges that they were tenants in common of the award, "and so continued, an undivided one-half thereof still belonging to the plaintiff, and the other half to the defendant Blecher," and that Blecher wrongfully claims to be the owner of the entire award, "notwithstanding that his interest therein is only to the extent of one-half thereof." The defendant Blecher put in issue the allegations of the complaint with respect to the plaintiff's ownership and interest in the award. The separate defense pleaded contains no denial of any of·the allegations of the complaint. It is alleged therein that the plaintiff and Abelman were copartners in the building business, and that the premises for which the award was made were acquired and held by them for copartnership purposes until the time of the dissolution of the firm, which occurred on the 30th day of De-

cember, 1899, at which time Abelman purchased from the plaintiff all of her right, title, and interest in and to all of the copartnership property for the consideration of $1,500, which he paid, and his assumption of the partnership liabilities. It is then alleged, in effect, that the plaintiff executed a general release to Abelman.

The demurrer was evidently intended to present the question as to whether Blecher could acquire the right to the entire award for land the title to which stood in the name of the plaintiff and of his grantor, without a conveyance from her. It would seem that Blecher will be entitled to make proof under the allegations contained in this separate defense, upon which he may become entitled to the award, either upon the theory of equitable conversion or upon the theory that his grantor acquired and paid for her interest in the land as real estate and that he succeeded to such right by the conveyance. If, after the dissolution of the copartnership and after Abelman purchased her entire interest, the plaintiff had brought an action asserting a right to the land before the city acquired title thereto, he or his grantee could have defended, and on the facts alleged, with a proper prayer for relief, could have compelled her to execute a conveyance of her interest to render effectual the dissolution agreement, or Abelman might have brought an action for a formal dissolution of the firm and a sale of the land, and, and, on it appearing that he had purchased her interest, he would have been entitled to the surplus after the payment of the debts. Neither of these remedies is now necessary nor practicable; for title had passed to the city, and the fund represents the property. For the purpose of determining the rights as between the partners and their representatives, the award stands precisely as if the land had been sold by the firm and it were the proceeds of the sale. By the conveyance Blecher obtained the legal title to an undivided half interest, and his grantor, being equitably entitled to the other undivided half, he obtained the equitable right thereto as well. That equitable right attaches to the award, and Blecher is entitled, on the facts pleaded, to the entire award.

The respondent, as has been seen, failed to deny in the special defense the allegations of the complaint to the effect that the plaintiff continued to be a tenant in common with him in the ownership of the land until it was taken by the city, and that by virtue thereof she became entitled to one-half of the award. The appellant claims that her right to one-half of the award stands admitted under the rule that, where there is no denial in the separate defense, the sufficiency thereof will be determined upon the theory that the allegations of the complaint are deemed admitted. We are of opinion that that rule does not apply here. The facts pleaded by Blecher are not contradictory of the facts pleaded by the plaintiff. She and his grantor were tenants in common of the land, and at law they remained tenants in common, and he became a tenant in common with her. The allegation that by reason of her being a tenant in common the plaintiff became entitled to half the award is a legal conclusion, predicated upon the tenancy in common, which being in a sense true, Blecher was not required to deny it. His defense does not involve proof showing that they were not tenants

in common, but it concedes that they were, and proceeds to show how her interest in the land passed to .him, not in law, but in equity.

It follows that the interlocutory judgment should be affirmed, with costs, but with leave to appellant to withdraw her demurrer and interpose a reply, if she be so advised, upon payment of costs of the appeal and of the demurrer. All concur.

